[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on March 25, 1972, a total of 28 years, and separated on September 3, 1999. By complaint dated October 8, 1999, the Husband instituted this action claiming a dissolution of marriage, joint legal custody, a settlement of rights in the jointly owned real property, an equitable distribution or property, and other equitable CT Page 12845 relief. The Wife appeared through counsel, admitted the allegations of the Husband's complaint and filed a cross-complaint claiming a dissolution of marriage, joint custody, alimony, child support, attorney's fees, an equitable division of estate, and other equitable relief. The parties were fully heard over three days of trial.
Four children, issue of the marriage, were born to the wife, only one of whom remains a minor, to wit: Howard Waldron III, born December 20, 1995 (age 4 1/2 years). The child Lisa will be 18 on November 4 and was considered emancipated for the purposes of this decision. The child is in good health and attends a day care center at which the Wife is employed. To the credit of both parties, they were able to come to an agreement concerning parental issues which agreement will be incorporated into this decree.
The Husband is 46 years of age and in reasonably good health. He has a high school diploma and one year of business school. For most of his adult life he worked as a milk man and currently operates the family business known as Chatfield Dairy. His financial affidavit indicates he earns $426.26 per week from his business which also provides him and his wife with automobile transportation, life and medical insurance, and other minor fringe benefits. He also has rental income from the business of $184.61 per week and interest income of $50.15 per week. He did not include on his affidavit any income from "hay sales" from which he derives some remuneration. It is clear he has an minimum income capacity of $700.00 per week.
The Wife is 47 years of age and in reasonably good health. She has a high school diploma and some schooling towards a nursing degree which she abandoned many years ago. In addition to being the primary care giver for four children, she also had six miscarriages, she worked part time in the family business and on the family farm owned by the parties. Currently, she is an infant care giver in the Happy Day Preschool earning $312.43 per week. One advantage to her job is the fact that her son attends the same day care school. The Dairy still pays her $100 per week although she is no longer active in the business. She hopes to learn computer skills to raise her level of employment, or perhaps open her own day care center. Her minimum income capacity is $312.43 per week.
Neither party had any assets of significance which they brought into the marriage. The assets which they have were essentially acquired through their mutual efforts during the marriage, although the Husband testified that the family farm and the dairy business were acquired through gifts or inheritances from his family. While this is true to a degree, parties contribute in different ways in the joint enterprise that is a marriage. In the instant case, the court finds the relative CT Page 12846 contributions of the parties to be in equipoise.
The principle asset owned by the parties is the 45 acre family farm which had been in the Husband's family for at least three generations. They stipulated to a fair market value of $725,000.00. The remaining asset of significance is the Chatfield Dairy owned 68% by the Husband and 32% by the Wife. No expert evidence concerning its fair market value was offered — the Husband claimed a value of $17,000, the Wife claimed a value of $124,727.00, and Defendant's Exhibit D shows a value of $45,000.00. A value closer to the latter figure would appear reasonable.
As to liabilities, the Wife showed none and the Husband had only contingent liabilities, the business being primarily liable for same.
It would serve no useful purpose to chronicle the causes for the breakdown of the marriage which is clearly irretrievable. There were charges and recriminations. The Husband claimed that the Wife had poor housekeeping habits, poor work habits as an employee of the family business, and caused numerous arguments especially regarding his drinking. The Wife claimed that the Husband was violent, physically abusive to her and the children, mentally abusive, unfaithful, and an alcoholic. While there are two sides to every marriage breakdown, and perceptions always vary, suffice it to say that the Wife's claims would appear to be more credible.
The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
1. Dissolution of Marriage. The marriage of the parties is dissolved on the grounds of irretrievable breakdown.
2. Custody and Visitation. The parties are awarded joint custody of the minor child Nicholas with primary residence to the Wife. The Husband shall have visitation as provided in his proposed orders, to be spelled out' in the judgment file, which are adopted by the court, except that the Wife shall give 60 days written notice of her intention to move the residence of the minor child outside of the State of Connecticut.
3. Child Support. The Husband shall pay to the Wife child support in the amount of $127 per week in accordance with child support guidelines and pursuant to an immediate wage withholding order. Until the wage CT Page 12847 withholding order is effective, payments are to be made directly to the Wife.
4. Life Insurance. The Husband shall name the Wife beneficiary on his John Hancock and Allstate life insurance policies until he no longer has any obligation to her for support or alimony. The provisions of this paragraph shall be subject to modification.
5. Medical Insurance. The Husband shall continue to maintain medical insurance coverage for the minor child equivalent to what he now has in force. All un-reimbursed medical and dental expenses incurred by the child shall be shared in accordance with the percentages specified in the child support guidelines. The provisions of this paragraph shall be subject to modification.
6. Alimony. The Husband shall pay to the Wife during his lifetime, or until her death, remarriage, or cohabitation, alimony in the amount of $100.00 per week pursuant to an immediate wage withholding order. Until the wage withholding order is effective, payments are to be made directly to the Wife. Said alimony payment shall be subject to an automatic review upon the Husband's normal retirement.
7. Personal Property. The furniture and personal possessions in the control of the respective parties shall remain their property without claim by the other. Each party shall retain their own bank accounts,
8. Chatfield Dairy, Inc. The Wife shall immediately resign as an officer and director of Chatfield Dairy, Inc. and shall simultaneously transfer to the Husband all stock she might own in said business. The Husband shall immediately cause to be transferred to the Wife the 1997 Chevrolet automobile owned by the dairy free and clear of all encumbrances.
9. Real Estate. The real estate jointly owned by the parties shall be immediately listed for sale with a broker and at a listing price to be agreed upon. In the event the parties are unable to agree they are to return to court for determination of the issue. In such an event, they are to each present the names of three acceptable brokers and the suggested listing price. The parties shall accept the first reasonable offer within 5% of the listing price. Net proceeds, defined as gross selling price less balance due on the mortgage, real estate commission, taxes, and customary closing costs, are to be divided equally.
 At the Husband's option, he may purchase the Wife's interest for the sum of $362,500.00 as follows: $138,000 in cash within 90 days of CT Page 12848 exercise; $224,500.00 by promissory note secured by a mortgage second only to a first mortgage not to exceed $150,000.00. The $224,500.00 promissory note, together with interest at the rate of 8% per annum, shall be paid within three years from date and shall include cost of collection and a reasonable attorney's fee if legal action is necessary.
 The Husband must notify the Wife in writing within 45 days of his intention to exercise this option. Until sold, or until title is transferred to the Husband pursuant to the option, the Husband shall have exclusive use and occupancy of the property and shall be solely responsible for expenses concerning same.
10. Counsel fees. The Husband shall pay to the Wife $2,500.00 in counsel fees within 90 days from date.
11. Taxes. By April 15 of each year, until there is no longer any obligation for child support or alimony, the parties shall exchange their complete IRS returns in order to determine that the payments are appropriate under the circumstances then existing.
 The Wife shall be entitled to claim the minor child as a dependent on her state and federal tax returns.
12. Miscellaneous. Each party shall sign any documents necessary to effectuate the orders contained herein. Plaintiff's counsel shall prepare the judgment file, have it certified by defendant's counsel, and file it with the court within 30 days.
CUTSUMPAS, J. CT Page 12849
[EDITORS' NOTE: The case contained on this page is now located on CT Page 13223] CT Page 12850
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 12851
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 12852
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 12853
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 12854
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 12855
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 12856